IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

IKARA CHRISTIANA EARNESTINE
EUGE VAGANTE DE ROSSITTE                                                    PLAINTIFF

v.                                          Case No. 6:23-cv-06008

WELLPATH, LLC; DR. THOMAS
DANIEL; CHRIS HORAN; CHARLOTTE
GARDNER; DOE WELLPATH ADMINISTRATORS;
and WELLPATH LIQUIDATING TRUST                                           DEFENDANTS

## ORDER

Before the Court is a Motion to Reconsider (ECF No. 95) and Motion to Stay (ECF No. 96) filed by Plaintiff Ikara Christiana Earnestine Euge Vagante De Rossitte. Defendants have not responded, and the time to do so has passed. *See* Local Rule 7.2(b). The Court finds the matters ripe for consideration.

## I.   BACKGROUND

Plaintiff filed this action on January 13, 2023, and filed an Amended Complaint on February 27, 2023, at the direction of the Court. ECF Nos. 1, 6, 8. In her Amended Complaint, Plaintiff alleges three claims arising from events that occurred while she was incarcerated at the Arkansas Division of Correction (ADC) Ouachita River Unit, Special Needs Unit. ECF No. 8. For Claim One, Plaintiff alleges that Wellpath, LLC ("Wellpath") and Doe Wellpath Administrators denied her medical care by refusing to replace her ill-fitting and unusable prosthetic leg. *Id.* at 6-7. For Claim Two, Plaintiff alleges that Defendants Wellpath, Daniel, Horan, Gardner, and Doe Wellpath Administrators denied her medical care by failing to provide the prescribed medication and ophthalmological care to treat her dry eye condition. *Id.* at 7-9. Plaintiff alleges that she ultimately needed a cornea transplant due to the denial of care and is now legally blind in her left eye. *Id.* at 8. For Claim Three, Plaintiff alleges that she was routinely denied refills of her

medications. *Id.* at 10. Plaintiff names Defendants Wellpath, Gardner, and Doe Wellpath Administrators. *Id.* Within Claim Three, Plaintiff also alleges that Wellpath sought to undermine her recourse through the grievance process. *Id.* Plaintiff proceeds against Defendants in their official and individual capacities for all claims.

On June 18, 2024, Defendants filed their Motion for Summary Judgement. ECF No. 52. On November 20, 2024, while the Motion for Summary Judgment was pending, Defendant Wellpath filed a Notice of Bankruptcy and a copy of the Amended Interim Order Enforcing the Automatic Stay entered by the Honorable Alfredo R. Perez, United States Bankruptcy Judge for the Southern District of Texas, Houston Division. ECF No. 64. The bankruptcy case is *In re Wellpath Holdings, Inc.*, No. 24-90533 (Bankr. S.D. Tex.).[1] Pursuant to the Bankruptcy Court's Order, this case was stayed and administratively terminated on December 13, 2024. ECF No. 66.

On May 22, 2025, Defendants filed a Status Report on the bankruptcy proceedings. ECF No. 67. This Court lifted the litigation stay on this case and ordered the Wellpath Defendants to show cause as to the effect of Wellpath's Bankruptcy Plan or Reorganization ("the Plan") on Plaintiff's claims. ECF No. 68. The Wellpath Defendants filed a response stating that the Plan permanently enjoins Plaintiff from commencing or continuing any action against Wellpath, and that Plaintiff had opted-out of the third-party releases in the Plan with respect to her individual capacity claims against Defendants Daniel, Horan, and Gardner. ECF No. 69. Wellpath Defendants stated that Plaintiff's causes of actions against these Wellpath employees may proceed. *Id.*

Plaintiff filed a reply and addendum to the Status Report, asking that Wellpath remain as a Defendant in this case on a nominal basis "pursuant to 28 U.S.C. § 157(b)(5), in the person of the

---

[1] Case No. 24-90533 is the main case docket. All parties filing pro se were directed to file in Case No. 24-90566. Judge Perez issued the clarifying orders mentioned herein in Case No. 24-90566 (ECF Nos. 1279, 1291).

Liquidating Trust to seek a determination of their liability for seeking pro rata distribution or third party insurance proceeds in accordance with the Plan accepted by the U.S. Bankruptcy Court." ECF No. 70, 71. In response to Plaintiff's reply and addendum, Defendants noted that Plaintiff filed a similar motion in the bankruptcy case and that the Bankruptcy Judge had taken the matter under advisement. ECF No. 37. Accordingly, the Court denied Plaintiff's request to add Wellpath as a nominal Defendant and stayed and administratively terminated the case pending a ruling by the Bankruptcy Judge. ECF No. 74.

On January 28, 2026, Defendants filed a Status Report stating that the Bankruptcy Judge had ruled on Plaintiff's motion. ECF No. 82. This Court subsequently lifted the stay and directed Defendants to show cause as the effect of the Bankruptcy Court's Order on Plaintiff's claims in this case. ECF No. 83. On March 2, 2026, Defendants submitted a Status Report. ECF No. 85. They state: "Plaintiff is a holder of an unsecured claim arising from an alleged pre-petition claim. Pursuant to the Orders of the United States Bankruptcy Court for the Southern District of Texas, Plaintiff may proceed against the Wellpath Liquidating Trust as a nominal defendant and claims against Wellpath, LLC should be dismissed." *Id.* at 1. Defendants attached the Revised and Amended Clarifying Order by the Bankruptcy Court. ECF No. 85-1. On March 6, 2026, the Court directed the Clerk to add the Wellpath Liquidating Trust as a nominal Defendant in this case. ECF No. 86.

On March 6, 2026, Judge Comstock issued a Report and Recommendation on Defendant's Motion for Summary Judgment. ECF No. 87. Judge Comstock first recommends dismissal of all claims against Wellpath and official capacity claims against Wellpath Employees Daniel, Gardner, and Horan, pursuant to Article IX of the Plan and the Bankruptcy Court Order confirming that the Plan forecloses Plaintiff's claims against Wellpath. *Id.* at 8. Judge Comstock reasons that the

official capacity claims against Wellpath employees should be dismissed because they are functionally equivalent to a claim against Wellpath itself. *Id.* Judge Comstock then recommends that Plaintiff's Claim One (about the prosthetic limb) be dismissed pursuant to the Plan because Plaintiff named only Wellpath and Doe Wellpath Administrators. *Id.* Judge Comstock recommends that Plaintiff's Claim Three (about medication refills) be dismissed because Wellpath is barred as a Defendant pursuant to the Plan and Plaintiff made no specific factual allegations concerning Defendant Gardner. *Id.* at 9.

Finally, Judge Comstock considers Plaintiff's Claim Two (denial of medical care for dry eye condition). *Id.* at 9. Judge Comstock found a dispute of material facts as to the involvement of Defendants Horan and Daniel in denying medical care to Plaintiff and recommends that the Motion for Summary Judgment be denied as to those two Defendants. *Id.* at 11. Judge Comstock found that Plaintiff provided no evidence that Defendant Gardner denied her ophthalmological care and that Plaintiff has no constitutional right to a grievance procedure. *Id.* at 12. Judge Comstock recommends that summary judgment be granted as to Defendant Gardner. *Id.*

On March 20, 2026, Plaintiff motioned for a thirty-day extension of time to file her objections to the Report and Recommendation, which were originally due on March 23, 2026. ECF No. 89. Plaintiff requested a new deadline of April 20, 2026. *Id.* at 2. Judge Comstock granted Plaintiff's motion and extended the deadline to March 30, 2026. ECF No. 90.

On April 10, 2026, over ten days past Plaintiff's extended deadline to object, the Court adopted the Report and Recommendation *in toto*. ECF No. 92. The Court reviewed Judge Comstock's recommendations for clear error because Plaintiff had not objected. *Id.* Accordingly, the Court ruled that only Plaintiff's Claim Two against Defendants Daniel and Horan may proceed. *Id.* at 2.

On April 13, 2026, after the Court adopted the Report and Recommendation, Plaintiff filed her objections.  ECF No. 94.  Plaintiff subsequently filed an "Immediate Motion to Reconsider Plaintiff's Objection to the Magistrate's Judge's Report and Recommendation."  ECF No. 95.  On May 5, 2026, Plaintiff filed a Motion to Stay.  ECF No. 96.

## II.  DISCUSSION

The Court will first consider Plaintiff's Motion to Reconsider.

### A.  Motion to Reconsider

Plaintiff moves the Court to reconsider her objections to the Report and Recommendations. ECF No. 95.  The Court assumes Plaintiff is moving to reconsider its order adopting the Report and Recommendations *in toto* and to conduct a *de novo* review of the Report and Recommendation based on her untimely objections.  In support of her Motion to Reconsider, Plaintiff states that she misread the extended deadline for her objections due to her "left 'bad' eye."  *Id.* at 3.  Plaintiff states that she believed the deadline had been extended to April 20, 2026, which is the deadline Plaintiff originally requested.  *Id.*  Defendants have not responded to Plaintiff's Motion to Reconsider.

The Federal Rules of Civil Procedure do not account for motions to reconsider.  However, "motions to reconsider are 'nothing more than Rule 60(b) motions when directed at non-final orders.'"  *Nelson v. Am. Home Assur. Co.*, 702 F.3d 1038, 1043 (8th Cir. 2012) (quoting *Elder–Keep v. Aksamit,* 460 F.3d 979, 984 (8th Cir. 2006)).  The instant motion is directed at a non-final order.  Thus, the Court will consider Plaintiff's motion to reconsider as it would a Rule 60(b) motion.

Under Rule 60(b)(1), a district court may grant relief from an order on the grounds of "mistake, inadvertence, surprise, or excusable neglect."  *Noah v. Bond Cold Storage*, 408 F.3d

1043, 1045 (8th Cir. 2005). Excusable neglect generally encompasses "situations in which the failure to comply with a filing deadline is attributable to negligence." *Id.* (quoting *Union Pac. R.R. v. Progress Rail Servs. Corp.*, 256 F.3d 781, 782 (8th Cir. 2001)). "To be excusable, the neglect must be accompanied by a showing of good faith and some reasonable basis for not complying with the rules." *Id.* (citation omitted). Excusable neglect does not include ignorance or carelessness on the part of an attorney, mistake of law, or failure to follow the clear dictates of a court rule. *Id.* (citations omitted). "Whether a party's neglect of a deadline may be excused is an equitable decision turning on 'all relevant circumstances surrounding the party's omission.'" *Ceridian Corp. v. SCSC Corp.*, 212 F.3d 398, 403 (8th Cir. 2000) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

"In assessing whether conduct is excusable, several factors must be taken into account, including: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) whether the movant acted in good faith; and (4) the reason for the delay, including whether it was within the reasonable control of the movant." *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007) (citing *Pioneer Inv. Serv. Co.*, 507 U.S. at 395). The reason for delay is the key factor in the analysis. *Id.* at 867.

Though there may be some danger of prejudice to the non-moving party, the length of delay and its potential impact on the judicial proceedings is minimal. Plaintiff filed her objections only 14 days after the deadline. Thus, the Court concludes that the first two factors weigh only slightly against Plaintiff. As for the third factor, courts have "consistently sought to distinguish between contumacious or intentional delay or disregard for deadlines and procedural rules, and a 'marginal failure' to meet pleading or other deadlines." *Id.* (quoting *Johnson v. Dayton Elec. Mfg. Co.*, 140

6

F.3d 781, 784 (8th Cir. 1998).  Courts rarely excuse the former.  *Id.*  It does not appear to the Court that Plaintiff has previously intentionally delayed or disregarded deadlines in this case.  *See id.* (finding a party did not act in good faith when they had three opportunities spread over several months to comply with the court's orders).  Lastly, the Court finds that the reason for delay weighs in Plaintiff's favor.  Plaintiff explains that she mistakenly believed that the order granting her motion to extend moved her deadline to object to April 20, 2026, because she is unable to see clearly with her "left 'bad' eye." ECF No. 95, at 3.  In part, the Court considers the fact that one of Plaintiff's claims in this case is that she has been left legally blind in her left eye due to the denial of medical care by Defendants.  For these reasons, the Court finds that the factors, taken together, weigh in favor of Plaintiff.

Accordingly, the Court finds reconsideration proper and will consider Plaintiff's objections to the Report and Recommendation.

### B.  Plaintiff's Objections

Plaintiff asserts two objections.  ECF No. 94.  First, Plaintiff objects to Judge Comstock's recommendation that Plaintiff's claims against Wellpath be dismissed based on the bankruptcy discharge.  *Id.* at 4-6.  Second, Plaintiff objects to Judge Comstock's recommendation that Plaintiff's Claims Two and Three against Defendant Gardner be dismissed.  *Id.* at 7.  The Court finds that Plaintiff's objection are specific and will conduct a *de novo* review of the Report and Recommendation. *See Thompson v. Nix*, 897 F.3d 356, 358-59 (8th Cir. 1990) ("objections must be timely and specific" to trigger *de novo* review); *see also Branch v. Martin*, 886 F.2d 1043, 1045 (8th Cir. 1989) (citations omitted) ("When conducting a *de novo* review, the district court makes its own determinations of disputed issues and does not decide whether the magistrate's proposed findings are clearly erroneous.").

The Court will consider each objection separately, beginning with Plaintiff's claims against Wellpath.

### 1. Claims against Wellpath, LLC

Plaintiff first objects to Judge Comstock's recommendation that all claims against Wellpath and official capacity claims against Wellpath employees be dismissed. Plaintiff argues that Judge Comstock misconstrued the Bankruptcy Court's Clarifying Order. Specifically, Plaintiff points to paragraphs one and three of the Clarifying Order and contends that her claims against Wellpath should continue to be litigated against the substituting Liquidating Trust, as the nominal defendant, "to determine culpability, liability, and apportionment for application of the claims to the Liquidating Trust for pro rata distribution." ECF No. 98, at 4-6. Plaintiff states that both Judge Perez and Wellpath's counsel confirmed that Plaintiff's understanding was correct during a bankruptcy hearing. *Id.* at 5-6. Plaintiff also argues there "is nothing in the Bankruptcy Order or any other reason to believe" that the official capacity claims against Wellpath employees should be dismissed rather than continue against the Liquidating Trust. *Id.* at 6.

The bankruptcy court discharged Wellpath from liability for all claims that arose prior to November 11, 2024, pursuant to Article IX of the Plan. *See In re Wellpath Holdings, Inc.*, Case No. 24-90533 (Bankr. S.D. Tex.) (May 1, 2025) (ECF No. 2596, Exhibit A, Article IX.F); *see also* 11 U.S.C. § 524(a)(2) (A discharge in a [Chapter 11 bankruptcy] case . . . operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived."). Plaintiff's allegations against Wellpath and its employees stem from events that occurred between December 2020 through January 13, 2023. ECF No. 8. Therefore, Plaintiff cannot proceed against Wellpath following the bankruptcy discharge. The issue here is

whether Plaintiff may pursue her claims against the Trust as a nominal defendant instead of against Wellpath.

Paragraph One of the Bankruptcy Clarifying Order states that "Holders of General Unsecured Claims arising from alleged pre-petition personal injury tort or wrongful death [(the "Holder")] may 'proceed in the appropriate civil court and litigate such claim with the [Trust] included as a *nominal defendant*." ECF No. 85-1, at 2 (emphasis in original). The Court added Wellpath Liquidating Trust as a nominal defendant accordingly. ECF No. 86.

Plaintiff now contends that the Trust should stand in for Wellpath's liability as well. Paragraph Three of the Clarifying Order states that the Holder "*must substitute* the Liquidating Trust as a nominal defendant in place of the Post-Restructuring Debtor [Wellpath] in [the] litigation" where (a) no insurance coverage exists for the claims or (b) (i) there is an applicable self-insured retention ("SIR") and (ii) such claim will not exceed the applicable SIR.[2] ECF No. 85-1, at 3 (emphasis added). The Court notes that after Judge Comstock issued and before the Court adopted the instant Report and Recommendation, Judge Comstock denied Plaintiff's motion to substitute the Trust for Wellpath. ECF No. 91. Judge Comstock considered Plaintiff's argument that Paragraph Three of the Clarifying Order applies and denied Plaintiff's motion because Plaintiff did not provide any documentation demonstrating that the triggering conditions were met. *Id.* at 3. Though Plaintiff does not object to Judge Comstock's ruling in her late objections to the Report and Recommendation, she argues in her Motion to Stay that it is "impossible" for Plaintiff to prove that no insurance coverage exists. ECF No. 96, at 3.

---

[2] Paragraph Three of the Clarifying Order goes on to instruct that if substitution of the Trust as a nominal defendant is required, then that substitution is "procedural only and shall not alter the relevance of [Wellpath's] conduct, policies, or actions, nor the scope of discovery reasonably necessary to liquidate a claim or determine liability or apportionment." *Id.* at 3. Further, if Paragraph Three applies, "[t]he Trust may be substituted as a nominal defendant in any dispositive motion currently pending in any such litigation against [Wellpath]." *Id.*

9

The Court finds Plaintiff's objections unpersuasive.  Plaintiff has not demonstrated that either (a) no insurance coverage exists for her claims or (b) there is an applicable SIR and that Plaintiff's claim will not exceed that SIR.  *See* ECF No. 85-1, at 3.  However, the Court departs from the Report and Recommendation in that it recommends dismissal of Plaintiff's claims originally alleged against Wellpath with prejudice.  Instead, the Court dismisses Plaintiff's claims against Wellpath with prejudice in general, and without prejudice only to Plaintiff's right to seek substitution of the Trust for purposes of liquidating her claim against the Trust.  The Court will reconsider substituting the Trust for Wellpath pursuant to Paragraph Three of the Bankruptcy Clarifying Order if Plaintiff provides documentation demonstrating that the required conditions of Paragraph Three are triggered.  *See e.g.*, *Callahan v. Clark*, No. 1:20-CV-00305-SPB, 2026 WL 994010, at *3 (W.D. Pa. Feb. 11, 2026), report and recommendation adopted, 2026 WL 621922 (W.D. Pa. Mar. 5, 2026) (dismissing a plaintiff's claims against Wellpath with prejudice based on the discharge in bankruptcy while noting that such dismissal is "without prejudice to [the plaintiff's] right to seek substitution of the Trust in place of Wellpath in this action for purposes of liquidating his claim against the Trust.").

Finally, a claim against a Wellpath employee in their official capacity is the functional equivalent to a claim against Wellpath itself.  *See Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) ("A suit against a government official in his official capacity is functionally equivalent to a suit against the employing governmental entity.").  The Court finds that Plaintiff's official capacity claims against the individual Wellpath Defendants must be dismissed, with the same condition as Plaintiff's claims against Wellpath.  Thus, Plaintiff's official capacity claims against Defendants Daniel, Gardner, and Horan are dismissed with prejudice, with the exception that the Court will reconsider substituting the Trust for those claims if Plaintiff provides

10

documentation demonstrating that the required conditions in the Bankruptcy Clarifying Order are triggered.

### 2.  Claims against Defendant Gardner

Plaintiff next objects to Judge Comstock's recommendation that Plaintiff's Claims Two and Three against Defendant Gardner should be dismissed on summary judgment.  ECF No. 94, at 7.  For Claim Two, Plaintiff alleges that Defendant Gardner denied her ophthalmological care. ECF No. 8, at 8.  Judge Comstock observed that Plaintiff did not mention Defendant Gardner in the section about her denial of eye care in her Statement of Facts, that Plaintiff did not identify specific actions or inactions by Defendant Gardner in the section dedicated to Defendant Gardner in her Statement of Facts, and that Plaintiff states only that Defendant Gardner "actively seek[s] to thwart the grievance process" in her Brief.  ECF No. 87, at 11-12.  Judge Comstock considered the grievance attached by Plaintiff, in which she alleges that Defendant Gardner intentionally delayed her grievances, and noted that the grievance was found to be without merit and did not mention Plaintiff's eye condition.  *Id.* at 12.  For those reasons, Judge Comstock found that Plaintiff did not provide evidence in the summary judgment record that Defendant Gardner denied her ophthalmological care.  *Id.*  Judge Comstock also found that Plaintiff does not have a constitutional right to a grievance process in the Eighth Circuit.  *Id.*

For Claim Three, Plaintiff alleges that Wellpath "seeks to undermine recourse through the grievance process by duplicitous means (Gardner) demonstrating a lack of oversight and a corporate indifference . . . ."  ECF No. 8, at 10.  In the Report and Recommendation, Judge Comstock found that Plaintiff made no specific factual allegations concerning Defendant Gardner in Claim Three in her Amended Complaint.  ECF No. 87, at 9.  Accordingly, Judge Comstock recommends that Plaintiffs Claims Two and Three against Defendant Gardner be dismissed.

In her objections, Plaintiff states that she "specifically addresses [Defendant Gardner's] (and Wellpath's) corrective inaction as the basis of the claims against her[,]" including by supplying supporting documents as exhibits showing Defendant Gardner was repeatedly made aware of the failure to provide medications, including for her eyes, and acted to cover up the problems. ECF No. 94, at 7. In support, Plaintiff refers the Court to Section III(D) of her Memorandum Brief (ECF No. 62) and cites her Statement of Facts (ECF No. 64), though she does not specify the supporting documents to which she refers. *Id.*

In her Memorandum Brief, Plaintiff argues supervisor liability attaches to Defendant Gardner because she received notice of a pattern of unconstitutional acts and failed to take sufficient remedial action.[3] ECF No. 62, at 7-8. Plaintiff argues that she sent letters to Wellpath and Defendant Gardner concerning her claims and that "Defendants have not shown . . . [Defendant] Gardner undertook any action in response to remediate the issues whatsoever." *Id.* at 8. Plaintiff points to the Court to her Exhibits 54-62. *Id.* Exhibit 54 is Plaintiff's Grievance No. OR-21-00722. ECF No. 64-5, at 34-37. In that grievance, Plaintiff grieved that Defendant Gardner was deliberately attempting to deny her access to the grievance process by delaying her grievances. *Id.* The grievance was found to be without merit. *Id.* It does not concern either Plaintiff's eye care or medication refills. *Id.* Exhibit 55 is Plaintiff's Grievance No. OR-16-00140, in which she grieves that she has been suffering from a myriad of eye problems and that medical personnel refuse to satisfactorily address the infection in her eyes. *Id.* at 38. It does not mention Defendant Gardner and is not addressed to her. *Id.* The grievance response states that Plaintiff's eyes were examined by medical professionals at several sick calls due to complaints of eye infections. *Id.*

---

[3] Defendants argued in their Motion for Summary Judgment that Plaintiff's claim against Defendant Gardner should be dismissed to the extent that it is a corrective inaction, or supervisor liability, claim. ECF No. 54, at 5-6. Defendants argued that a supervisor liability claim against Defendant Gardner should be dismissed because the medical care and treatment of Plaintiff by Defendants was appropriate and no pattern of unconstitutional behavior exists. *Id.*

The rest of the exhibits Plaintiff references are grievances that deal with medical requests (Exhibits 56, 58, 59, 60, 62), retaliation by parties not named in this case (Exhibit 57), and/or assert intentional delay (Exhibits 56, 57, 61). *Id.* at 39-45. Plaintiff does not mention or address Defendant Gardner in these grievances.

Upon review of Plaintiff's Statement of Facts, the Court finds that Plaintiff does not state any facts relating Defendant Gardner to Claim Two (denial of eye care) and that this claim must be dismissed. ECF No. 64, at 14-26. For Claim Three, Plaintiff states that Defendant Gardner was "repeatedly made aware of [Wellpath's] systemic failure" to timely provide medications. *Id.* at 27-28. In a section dedicated to Defendant Gardner, Plaintiff states that she specifically names Defendant Gardner in her Grievance No. OR-21-00722, discussed above, in which she complains about Wellpath's practice of intentionally delaying and preventing the grievance process. *Id.* at 32. Plaintiff also states that she wrote to Wellpath's corporate parent H.I.G. Capital in May 2021 "specifically addressing [Defendant] Gardner's misdeeds in the grievance process." *Id.* at 33. Plaintiff sent a copy of that letter to Defendant Gardner. *Id.* Plaintiff does not otherwise mention Defendant Gardner in her Statement of Facts.

Plaintiff attempts to assert a claim of supervisor liability against Defendant Gardner at summary judgment; however, Plaintiff does not allege facts supporting that claim in her Amended Complaint. *See* ECF No. 8. The liberal pleading standard under the Federal Rule of Civil Procedure 8(a) does not afford a plaintiff with an opportunity to raise new claims at the summary judgment stage. *Frye v. Watson*, 804 F. Supp. 3d 866, 872 (W.D. Ark. 2025) (explaining that the correct procedure for plaintiffs to assert a new claim at the summary judgment stage is to amend the complaint in accordance with Federal Rule of Civil Procedure 15(a)). A plaintiff cannot "manufacture claims, which were not pled, late into the litigation for the purpose of avoiding

13

summary judgment." *N. States Power Co. v. Fed. Transit Admin.*, 358 F.3d 1050, 1057 (8th Cir. 2004).  This applies to plaintiffs proceeding *pro se*.  Though their complaints are to be construed liberally, *pro se* plaintiffs must still allege sufficient facts to support the claims advanced.  *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Here, Plaintiff alleges only that Defendant Gardner denied her ophthalmological care for Claim Two.  ECF No. 8, at 8.  For Claim Three, Plaintiff fails to allege any specific facts against Defendant Gardner.  *Id.* at 10.  The only mention of Defendant Gardner in Claim Three is Plaintiff's allegation that "Wellpath seeks to undermine recourse through the grievance process by duplicitous means (Gardner) demonstrating a lack of oversight and corporate indifference . . . ."  *Id.*  The Court finds that this off-hand mention of Defendant Gardner does not support a claim of supervisor liability.  *See Luckert v. Dodge Cnty.*, 684 F.3d 808, 817 (8th Cir. 2012) (explaining that prison supervisors can incur liability in a § 1983 action "for their personal involvement in a constitutional violation, or when their corrective inaction amounts to deliberate indifference to or tacit authorization of the violative practices").

Finally, though the failure to process a prisoner's grievances, without more, is not actionable under § 1983, *see Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993), the Eighth Circuit has held that prison staff who design or oversee the grievance procedure "may be held liable if it result[s] in the denial of constitutionally adequate treatment."  *Langford v. Norris*, 614 F.3d 445, 464 (8th Cir. 2010) (finding a violation of a prisoner's rights under the Eighth Amendment when prisoners were required to funnel medical grievances through an "unwieldy procedure," which impeded their ability to receive treatment and exacerbated their injuries).

In the instant case, the Court finds that Plaintiff has not produced evidence showing that Defendant Gardner designed or oversaw the grievance procedure in a way that impeded her ability

14

to receive treatment.  It appears from Plaintiff's Statement of Facts that Plaintiff complains of intentional delays in returning the "[second] step grievances" in order "to prevent inmates from reaching 'exhaustion' (as required under the PLRA) of administrative remedies."  ECF No. 64, at 31.  The Court has reviewed Grievance No. OR-21-00722, in which Plaintiff grieves of Defendant Gardner's alleged intentional delays returning grievance responses.  ECF No. 64-5, at 34.  The response to that grievance states that ADC policy allows inmates to "move to the next level of the process" if they have not received a response to their grievance.  *Id.*  Since Plaintiff is not prevented from proceeding with the grievance process, even when the response is delayed, the Court finds that the grievance procedure does not result in the denial of constitutionally adequate medical care.

Accordingly, the Court finds that Plaintiff's Claims Two and Three must be dismissed against Defendant Gardner.

### C.   Motion to Stay

The Court now turns to Plaintiff's Motion to Stay.  Plaintiff moves to stay this matter on two grounds.  ECF No. 96.  First, Plaintiff explains that she scheduled a hearing with the Bankruptcy Court overseeing the Wellpath bankruptcy to address her "Motion to Affirmatively Define Claimant's Claim Under Subsection 3(a) of the Court's Clarifying Order and her Right to Proceed Thus in Dispositive Matters" filed with the Bankruptcy Court.  *See In re Wellpath Holdings, Inc.*, No. 24-90533 (Bankr. S.D. Tex.) (May 1, 2026) (ECF No. 1610).  Plaintiff asks the Court to stay this matter until the Bankruptcy Court addresses her motion.  Upon review of the Bankruptcy Court docket, it appears that Judge Perez has denied Plaintiff's motion.  *Id.* (ECF No. 1758).  Accordingly, the Court finds that Plaintiff's first reason for a stay is moot.

Second, Plaintiff requests an emergency stay because East Arkansas Regional Unit property officers confiscated two-thirds of her legal materials.  Plaintiff states that she plans to file

15

a motion for a temporary restraining order and preliminary injunction to address the alleged confiscation. ECF No. 96, at 12-14. After filing the instant Motion to Stay, Plaintiff filed her Motion for a Temporary Restraining Order and Superseding Preliminary Injunction. ECF No. 99. The Court denied Plaintiff's Motion for a Temporary Restraining Order because the parties complained of in that motion are not defendants in this case. ECF No. 101. The Court finds that Plaintiff's second reason for a stay is also moot.

Accordingly, the Court denies Plaintiff's Motion to Stay.

### III.   CONCLUSION

Accordingly, the Court **GRANTS** Plaintiff's Motion to Reconsider (ECF No. 95). Upon reconsideration, the Court **WITHDRAWS** its Order adopting the Report and Recommendation *in toto* (ECF No. 92).

The Court further finds that the Report and Recommendation (ECF No. 87) should be and hereby is **ADOPTED IN PART AND DECLINED IN PART**. The Court finds the following:

1.  Defendant Wellpath, LLC should be **TERMINATED** as a Defendant in this case;

2.  Doe Wellpath Administrators should be **TERMINATED** as a Defendant in this case;

3.  All of Plaintiff's claims against Defendant Wellpath, LLC are **DISMISSED WITH PREJUDICE**; however, such dismissal is without prejudice to Plaintiff's right to seek substitution of the Wellpath Bankruptcy Liquidating Trust in place of Wellpath in this action for purposes of liquidating her claims against the Trust pursuant to the Bankruptcy Clarifying Order.

4.  Plaintiff's official capacity claims against Defendants Daniel, Horan, and Gardner are **DISMISSED WITH PREJUDICE**; however, such dismissal is without prejudice to

16

Plaintiff's right to seek substitution of the Wellpath Bankruptcy Liquidating Trust in place of Wellpath for the same reasons as stated above.

5. Plaintiff's Claims One and Three in her Amended Complaint (ECF No. 8) are **DISMISSED WITH PREJUDICE**.

6. The Motion (ECF No. 52) is **GRANTED** as to Defendant Gardner on Claim Two, and she is **TERMINATED** as a Defendant in this case.

7. The Motion is **DENIED** (ECF No. 52) as to Defendants Daniel and Horan on Claim Two for denial of medical care for Plaintiff's eye conditions.  Plaintiff's individual capacity Claim Two for denial of medical care may **PROCEED** against Defendants Daniel and Horan.

Finally, the Court finds that Plaintiff's Motion to Stay (ECF No. 96) should be and hereby is **DENIED AS MOOT**.

**IT IS SO ORDERD**, this 29th day of July, 2026.

/s/ Susan O. Hickey
Susan O. Hickey
Senior United States District Judge